UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. LONNIE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>T. LOPEZ, et al.,<br><br>    Defendants. | No. 2:16-cv-0131 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on February 16, 2016. For the following reasons, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

Title 28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

1    28 U.S.C. § 1915(g).

2    Review of court records reveals that on at least three occasions lawsuits filed by the

3    plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to

4    state a claim upon which relief may be granted:

5    > (1) Williams v. Gonzales, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C.§ 1915(g)); (2) Williams v. Andrews, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (3) Williams v. Wood, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); and (4) Williams v. Rendon, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim)).

10   Williams v. Gomez, No. CIV S-11-0426 GEB EFB P (E.D. Cal. December 21, 2011) (ECF No.

11   40 at 2-3).  Accordingly, plaintiff is precluded from proceeding in forma pauperis unless she is

12   "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

13   The imminent danger exception applies only if it is clear that the danger existed when the

14   complaint was filed.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The danger

15   must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be

16   ongoing, Andrews, 493 F.3d at 1056.  Allegations of imminent danger that are overly speculative

17   or fanciful may be rejected.  Id. at 1057 n.11.  For the following reasons, the undersigned finds

18   that plaintiff has not met the imminent injury exception.

19   In the instant complaint, plaintiff alleges that 13 different defendants conspired and aided

20   and abetted each other in an alleged attempt to murder plaintiff by adding Nitrite poisons, and

21   biological agents, such as saliva and chewing tobacco, to plaintiff's food, allegedly in retaliation

22   for plaintiff's lawsuits against several prison officials.  Plaintiff claims that after eating the

23   breakfast and dinner provided, she would suffer breathing problems, severe chest pains, dry

24   itching, flaking skin, scalp and body, severe dehydration, urinary tract infections, severe

25   constipation, severe abdominal pains, and damage to her kidneys, liver and heart.  (ECF No. 1 at

26   5.)  Plaintiff claims that defendant T. Lopez admitted to poisoning plaintiff, and allegedly

27   identified various other correctional officers who put poison, saliva or chewing tobacco in her

28   food:  Mackenzie, Verwoest, Thomison, Herr, Johnson, and Collingsworth.  (ECF No. 1 at 5-6.)

Plaintiff alleges that her food has been poisoned since April 10, 2015, until the present, and contends that such continuous poisoning poses an imminent danger of ongoing irreparable harm to her health. (ECF No. 1 at 4, 8.) In support of her claim, plaintiff provided copies of urinalysis reports reflecting a positive test for Nitrite on November 23, 2015, May 4, 2015, April 10, 2015, July 15, 2014, July 31, 2014, and August 24, 2012. (ECF No. 1 at 9-16.)

For the following reasons, the undersigned finds that plaintiff's claims alleging poisoning do not meet the imminent danger exception.

In the complaint filed on August 17, 2012, in Williams v. Bauer, Case No. 2: 12-cv-2158 MCE EFB P (E.D. Cal.), plaintiff also alleged that she was in imminent danger because the defendants named in that action were poisoning her food. On December 6, 2012, Magistrate Judge Brennan found that imminent danger exception provided in § 1915(g) did not apply because plaintiff's allegations were not plausible. See id., ECF No. No. 12 at 2; See also Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (§ 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing). Magistrate Judge Brennan recommended that plaintiff's application to proceed in forma pauperis be denied. See Case No. 2: 12-cv-2158 MCE EFB P (ECF No. 12). On January 30, 2013, the Honorable Morrison C. England adopted these findings and recommendations. Id. (ECF No. 14).

In his December 6, 2012 findings and recommendations, Magistrate Judge Brennan also observed that plaintiff had been informed on several prior occasions that her allegations regarding poisoning were not plausible:

> Moreover, the "court has the inherent ability to restrict a litigant's ability to commence abusive litigation in forma pauperis." Visser v. Supreme Court of California, 919 F.2d 113, 114 (9th Cir. 1990) (citing In re McDonald, 489 U.S. 180 (1989)). The court has informed plaintiff, on numerous prior occasions, that her allegations about being poisoned are not plausible. See Williams v. Norton, 2: 12-cv-2998 CKD (E.D. Cal. Dec. 4, 2012) (finding plaintiff's allegations of being poisoned implausible and denying application to proceed in forma pauperis); Williams v. CDCR, 2: 12-cv-1616 JAM EFB P (E.D. Cal. Aug. 1, 2012) (finding implausible plaintiff's allegations of being poisoned, and recommending that plaintiff's in forma pauperis status be denied), adopted (E.D. Cal. Oct. 29, 2012); Williams v. Willie, 2: 11-cv-1532 MCE DAD P

(E.D. Cal. March 16, 2012) (finding implausible plaintiff's allegations of being poisoned, noting that she had been making such claims since 2006, and determining that the imminent danger exception of section 1915(g) did not apply), adopted (E.D. Cal. Apr. 23, 2012); Williams v. Gomez, 2: 11-cv-426 GEB EFB P (E.D. Cal. Dec. 21, 2011) (finding implausible plaintiff's allegations of being poisoned and denied HIV medication, and recommending that plaintiff's in forma pauperis status be revoked), adopted (E.D. Cal. Feb. 6, 2012).  Nevertheless, plaintiff continues to initiate lawsuits in forma pauperis, on the grounds that the imminent danger exception applies based on her allegations of being poisoned on a daily basis and/or being denied her HIV medication. See e.g., Williams v. Bal, 2: 12-cv-1005 LKK EFB P (E.D. Cal. April 17, 2012 complaint alleging imminent danger of injury or death because she was denied HIV medication and prison officials were poisoning her food); Williams v. Wedell, 2: 12-cv-1438 GEB GGH P (E.D. Cal.) (May 29, 2012 complaint alleging denial of HIV medication and imminent danger of poisoning); Williams v. Nappi, 2: 12-cv-1604 GEB CMK P (E.D. Cal.) (June 14, 2012 complaint alleging imminent danger because of daily poisoning); Williams v. CDCR, 2: 12-cv-1616 JAM EFB P (E.D. Cal.) (June 15, 2012 complaint alleging the same).  Given these filings, the court finds that plaintiff's application for leave to proceed in forma pauperis should be denied because plaintiff has "engaged in a pattern of litigation which is manifestly abusive." Visser, 919 F.2d at 114.

Williams v. Bauer, Case No. 2:12-cv-2158 MCE EFB P (ECF No. 12 at 2-3).  In Williams v. Wedell, Case No. 2:12-cv-1438 GEB GGH P, Magistrate Judge Hollows observed,

> As for the alleged poisoning, U.S. Magistrate Judge John F. Moulds recognized in one of plaintiff's many cases filed with this court, that [she] has been alleging arsenic poisoning since 2006 and the plausibility of [her] claims in this regard are belied by the fact that plaintiff remains alive today despite alleged arsenic poisoning for more than five years by dozens of prison officials.  See Williams v. Murray, 11-cv-0069 MCE JFM P (E.D. Cal.), Order filed June 10, 2011 (Doc. No. 9 at 3) (denying plaintiff's motion for reconsideration of an order finding that § 1915(g) barred plaintiff from proceeding in forma pauperis and citing several other of plaintiff's actions that allege poisoning).

Case No. 2: 12-cv-1438 GEB GGH P (ECF No. 12 at 3).  Finally, on February 4, 2016, the undersigned also found that plaintiff's claims regarding being poisoned are not plausible and do not meet the imminent injury exception, recommending that plaintiff's application to proceed in forma pauperis be denied, and that plaintiff be ordered to pay the filing fee.  Williams v. Macomber, Case No. 2:15-cv-2268 MCE KJN P (E.D. Cal.) (ECF No. 10).

////

1  For the reasons discussed above, the undersigned finds that plaintiff has not met the imminent danger exception to 28 U.S.C. § 1915(g).  Therefore, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied and that plaintiff be ordered to pay the filing fee.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) be denied, and

2. Plaintiff be ordered to pay the filing fee within fourteen days from any district court order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will0131.1915g